ERB-RESTRICK LUMBER CO. *v.* LOVETT BUILDERS, INC.

MECHANICS' LIENS—MORTGAGES—PRIORITY—RECORD.

Issue of priority as between mortgage upon premises on which plaintiff seeks to foreclose a mechanic's lien may not be decided, where record fails to show the nature of an asserted lien or the controlling time elements (CL 1948 and CLS 1961, § 570.1 *et seq.*).

Appeal from Oakland; Beer (William John), J. Submitted October 17, 1964. (Calendar No. 12, Docket No. 50,512.) Decided January 5, 1965.

Action by Erb-Restrick Lumber Co., a Michigan corporation, against Lovett Builders, Inc., a Michigan corporation; Frazer W. Staman and Irene Staman, his wife; Building Fund Control, Inc., a Michigan corporation; Zehnder & Wessell Plumbing & Heating Co., an assumed name of Fred E. Zehnder; and Pontiac Federal Savings & Loan Association, a Federal savings and loan association, to foreclose a mechanic's lien. Ordered dismissed. Plaintiff appeals. Reversed.

*Bonk & Pollick,* for plaintiff.

*C. Bryan Kinney,* for defendant Pontiac Federal Savings & Loan Association.

PER CURIAM. This is an appeal from an order dismissing a bill of complaint to foreclose a mechanic's lien. The opinion of the trial judge upon which the order was based is herewith set forth.

REFERENCES FOR POINTS IN HEADNOTE

36 Am Jur, Mechanics' Liens § 181.

"I am granting the motion to dismiss. I do not believe this mechanic's lien statute* destroys the priority of a valid mortgage given before the creation of the debt supporting the mechanic's lien; it being assumed that the mortgage was properly recorded which is notice therefore to everyone, including prospective material men and laborers. I do not believe the mandate of the statute destroys the priority of this kind of a mortgage debt and even if it did, then I question the right of the legislature to create such a priority because in my opinion it takes away contractual rights and violates due process of law."

We find it impossible to pass upon the questions involved for lack of facts upon which to predicate legal conclusions. Among the unanswered fact questions is the exact nature of appellee's asserted lien. Until the controlling time elements are judicially determined upon facts found or uncontroverted, we cannot decide the issue of priority as between the mortgage and the asserted mechanic's lien.

We note also sharp differences between the two statements of facts of the parties, and we find conclusionary statements in them that not only are unsupported by evidentiary facts, but are not even supported by allegations in the pleadings.

Reversed and remanded for further proceedings. Costs to appellant.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred in the opinion.

BLACK, J., concurred in result.

---

* See CL 1948 and CLS 1961, § 570.1 *et seq.* as amended (Stat Ann 1953 Rev and Stat Ann 1959 Cum Supp § 26.281 *et seq.*).— REPORTER.